UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

          Plaintiff,

v.

LIP BOR NG (a.k.a. PAUL WU),

          Defendant.

No.   2:15-CR-20098

Hon.  Mark A. Goldsmith

Offense: Conspiracy, 18 U.S.C. § 371

Maximum Penalty: Five years' imprisonment

Maximum Fine: $250,000

---

# Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant LIP BOR NG (a.k.a. PAUL WU) and the government agree as follows:

1. **Guilty Plea**

    A.    **Count of Conviction**

Defendant will enter a plea of guilty to Count One of the Information, which charges a violation of Title 18, United States Code, Section 371, specifically, conspiracy to: (1) knowingly submit false and misleading export information to the United States in violation of Title 13, United States Code, Section 305; (2) fraudulently and knowingly export from the United States any merchandise

contrary to any law of the United States in violation of Title 18, United States Code, Section 554; and (3) knowingly export hazardous waste without filing a Notification of Intent to Export with the United States Environmental Protection Agency, in violation of Title 42, United States Code, Section 6928(d)(4).

B.     **Elements of Offense**

The elements of Count One charging conspiracy to commit offenses against the United States are as follows:

1.     Two or more persons conspired or agreed to commit the crime of unlawfully exporting a commodity; exporting an item contrary to a law of the United States; and exporting and causing to be exported hazardous waste, and in connection with those exports failing to file a Notification of Intent to Export with the United States Environmental Protection Agency;

2.     The defendant knowingly and voluntarily joined the conspiracy;

3.     A member of the conspiracy did one of the overt acts described in the Information for the purpose of the advancing or helping the conspiracy.

In order to prove that the defendant conspired to violate Title 13, United States Code, Section 305, the government must show:

1.     The defendant offered for export for shipment, a commodity, namely cathode-ray tube monitors;

2

2.     The defendant submitted false and misleading export information through the Shippers Export Declaration (or any successor document) or the Automated Export System;

3.     The defendant acted knowingly.

In order to show that the defendant conspired to violate Title 18, United States Code, Section 554, the government must prove that:

1.     The defendant agreed to export or send cathode-ray tube monitors to another country;

2.     The defendant's export or sending of cathode-ray tube monitors was contrary to a law or regulation of the United States;

3.     The defendant knew the export or sending of the cathode-ray tube monitors was contrary to any law or regulation of the United States, in this case, a violation of Title 13, United States Code, Section 305, Title 42, United States Code, Section 6928(d)(4), and Title 42, United States Code, Section 6928(d)(6).

In order to show that the defendant conspired to violate Title 42, United States Code, Section 6928(d)(4), the government must prove that:

1.     A person knowingly exported or otherwise handled hazardous waste; and

2.     Knowingly failed to file any record, application, manifest, report or other document required to be maintained or filed for purposes of compliance with

3

regulations, in this case, a Notification of Intent to Export Hazardous Waste with the United States Environmental Protection Agency.

### C.   Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for defendant's guilty plea:

LIP BOR NG (a.k.a. PAUL WU) was the owner and operator of L&Y Enterprise, located in the Eastern District of Michigan. LIP BOR NG (a.k.a. PAUL WU) and his company knowingly exported merchandise, including cathode ray tube (CRT) monitors to Hong Kong and the People's Republic of China (China) from 2010 to approximately 2011, with the assistance of others. CRTs are the glass video display component of an electronic device, usually a computer or television monitor, and are known to contain lead.  As described below, LIP BOR NG (a.k.a. PAUL WU) had others load the CRT monitors into containers to be shipped to Hong Kong and China, and directed others to file documents containing false statements related to the merchandise in order to conceal the presence of the CRT monitors.  As LIP BOR NG (a.k.a. PAUL WU) knew, United States law prohibits shipping hazardous waste, including CRT monitors, to Hong Kong and China without Hong Kong and China's consent, and to knowingly fail to file a notification of intent to export such hazardous waste.

The Automated Export System (AES) is an electronic database maintained by the United States Department of Commerce, Census Bureau. On or about May 4, 2011, a fraudulent Shippers Export Document (SED) was submitted to the AES declaring that the shipping container labeled DFSU 6041150, which NG had shipped from the Eastern District of Michigan, to Los Angeles, California, where it was then scheduled to be shipped to Hong Kong and China, contained the commodity "HTS [Harmonized Tariff System] 3915900010 Plastics, waste pairings, and scrap, polyethylene terephtelate." In fact, the shipping container labeled DFSU 6041150 contained various types of used electronics and computer components, including 27 used CRT monitors, which should have been described with a different and distinct HTS code.

On or about May 4, 2011, a fraudulent SED was submitted to the AES, declaring that the shipping container labeled CCLU 7288210, which NG had shipped from the Eastern District of Michigan to Los Angeles, California, where it was then scheduled to be shipped to Hong Kong and China, contained the commodity "HTS 3915900010 Plastics, waste pairings, and scrap, polyethylene terephtelate." In fact, the shipping container labeled CCLU 7288210 contained various types of used electronics and computer components, including 19 used CRT monitors, which should have been described with a different and distinct HTS code.

5

On or about June 16, 2011, a fraudulent SED was submitted to the AES, declaring that the shipping container labeled CCLU 7347919, which NG had shipped from Detroit, Michigan, to Los Angeles, California, where it was then scheduled to be shipped to Hong Kong and China, contained the commodity "Plastic Scrap HTS: 3915900010 (of polyethylene terephthalate (pet) plastics)" and "Metal Scrap HTS: 3824300000 (nonagglomerated metal carbide mixed w metallic etc)." In fact, the shipping container labeled CCLU 7347919 contained various types of used electronics and computer components, including approximately 75 used CRT monitors, which should have been described with a different and distinct HTS code.

The defendant LIP BOR NG (a.k.a. PAUL WU) knew that the SED descriptions of the containers referenced above were false and were intended to conceal the presence of the CRT monitors, which he knew were present in the three containers, and which he intended to be exported to China. Neither defendant LIP BOR NG (a.k.a. PAUL WU) nor his co-conspirators filed a notification with the United States Environmental Protection Agency to export CRT monitors for recycling and re-use to Hong Kong and China. Neither defendant LIP BOR NG (a.k.a. PAUL WU) nor his co-conspirators obtained approval from the receiving country, Hong Kong and China, to import CRT monitors into that country.

6

2.    **Sentencing Guidelines**

A.    **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.    **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the parties recommend that the defendant's guideline range is 6 to 12 months, as set forth on the attached worksheets. If the Court finds:

1.  That defendant's criminal history category is higher than reflected on the attached worksheets, or

2.  that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 6 -12 months, the higher guideline range becomes the **agreed range.**  However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

7

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3.      **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.      **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

B.      **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is three years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.      **Special Assessment**

Defendant will pay a special assessment of $100 and must provide the government with a receipt for the payment before sentence is imposed.

### D.      Fine

The Court may impose a fine of up to $250,000.

### E.      Restitution

Restitution is not applicable to this case.

## 4.      Each Party's Right to Withdraw from This Agreement

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

## 5.      Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence does not exceed 12 months, the defendant also waives any right he may have to appeal his sentence on any grounds.   If the

defendant's sentence of imprisonment is at least 6 months the government waives any right it may have to appeal the defendant's sentence.

6.   **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

7.   **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan and the Department of Justice Environmental Crimes Section.

8.   **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other

promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

9.   **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on Thursday, February 26, 2015. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA M. MCQUADE
United States Attorney
Eastern District of Michigan


LYNN DODGE
Assistant United States Attorney

Date: ~~February~~ March 12, 2015

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources
Division, Department of Justice


JENNIFER BLACKWELL
Trial Attorney

By signing below, defendant acknowledges that he has read this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.


JOHN FREEMAN
Attorney for Defendant

Date: February __, 2015   March 12, 2015

LIP BORNG (a.k.a. PAUL WU)
Defendant

12

| Defendant: | LIP BOR NG (a.k.a. PAUL WU) | Count: | ONE |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C.  371 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1. **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| § 2X1.1 | Conspiracy | |
| § 2B1.1(a)(2) | Fraud -- base offense level | 6 |
| § 2B1.1(b)(1) | Loss (over $30,000) | 6 |
| | | |
| | | |

2. **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

A-1

| Defendant: | LIP BOR NG (a.k.a. PAUL WU) | Count: | ONE |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. 371 |

**3.    ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

12

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*



A-2

| Defendant: | LIP BOR NG | Count: | ONE |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 USC § 371 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

**1.    BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS  (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| § 2X1.1 | Conspiracy | |
| § 2Q1.2 (42 U.S.C. § 6928(d)(4)) | Failure to Notify EPA of Intent to Export Hazardous Waste | 8 |
| | | |
| | | |
| | | |

**2.    ADJUSTMENTS  (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.1 | Role in the offense | 2 |
| 3C1.1 | Impeding the administration of justice | 2 |
| | | |
| | | |

**3.    ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

12

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Rev. March 2013

| Defendant: | LIP BOR NG | Count: | ONE |
|---|---|---|---|
| Docket No.: | . | Statute(s): | 18 USC § 371 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1.  **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS  (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| § 2X1.1 | Conspiracy | |
| § 2Q1.2 (18 U.S.C. § 554) | Smuggling goods from the United States | 8 |
| | | |
| | | |
| | | |

2.  **ADJUSTMENTS  (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

3.  **ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

8

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Rev. March 2013

| Defendant: | LIP BOR NG (a.k.a. PAUL WU) | Count: | ONE |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. 371 |

## **WORKSHEET B (Multiple Counts)**

### **Instructions (U.S.S.G. ch. 3, pt. D):**

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE: COUNT(S)** 12
   ADJUSTED OFFENSE LEVEL

2. **GROUP TWO: COUNT(S)** _____
   ADJUSTED OFFENSE LEVEL

3. **GROUP THREE: COUNT(S)** _____
   ADJUSTED OFFENSE LEVEL

4. **GROUP FOUR: COUNT(S)** _____
   ADJUSTED OFFENSE LEVEL

5. **TOTAL UNITS**

| 1 | unit |
|---|---|
| | unit |
| | unit |
| | unit |

| 1 |
|---|
| units |

B-1

| Defendant: | LIP BOR NG (a.k.a. PAUL WU) | Count: | ONE |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C.  371 |

6. **INCREASE IN OFFENSE LEVEL**

    1 unit $\longrightarrow$ no increase     2 1/2 – 3 units $\longrightarrow$ add 3 levels

    1 1/2 units $\longrightarrow$ add 1 level    3 1/2 – 5 units $\longrightarrow$ add 4 levels

    2 units $\longrightarrow$ add 2 levels      > 5 levels $\longrightarrow$ add 5 levels



                                                      0

7. **ADJUSTED OFFENSE LEVEL OF GROUP
WITH THE HIGHEST OFFENSE LEVEL**

8. **COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.

                                                 12

| Defendant: | LIP BOR NG (a.k.a. PAUL WU) | Count: | ONE |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. 371 |

## WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses): April 2011

## 1. PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months**      **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**      **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**      **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Defendant: | LIP BOR NG (a.k.a. PAUL WU) | Count: | ONE |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. 371 |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*      If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*      A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

C-2

| Defendant: | LIP BOR NG (a.k.a. PAUL WU) | Count: | ONE |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C.  371 |

**2.    COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

**3.    PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.   But enter no points where the sentences are considered related because the offenses occurred on the same occasion.   (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)    Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE:  No more than 3 points may be added under this item.

**4.    TOTAL CRIMINAL HISTORY POINTS**
Enter the sum of the criminal history points entered in Items 1-4.

**5.    CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

I

C-3

| Defendant: | LIP BOR NG (a.k.a. PAUL WU) | Count: | ONE |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. 371 |

## WORKSHEET D (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

   **12**

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

   **2**

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   **10**

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   **I**

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a. <u>Total Offense Level:</u> If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. <u>Criminal History Category:</u> If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   **6-12**

   months

| Defendant: | LIP BOR NG (a.k.a. PAUL WU) | Count: | ONE |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C.  371 |

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
   If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.



months

D-2

| Defendant: | LIP BOR NG (a.k.a. PAUL WU) | Count: | ONE |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C.  371 |

## WORKSHEET E (Authorized Guideline Sentences)

**1. PROBATION**

    a.  Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

☐     1.  Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

☐     2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

☒     3.  Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

    b.  Length of Term of Probation (U.S.S.G. § 5B1.2)

☒     1. At least 1 year but not more than 5 years (total offense level ≥ 6)

      2. No more than 3 years (total offense level < 6).

    c.  Conditions of Probation (U.S.S.G. § 5B1.3)

**2. SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

☐    a.  A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

☒    b.  A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

**3. IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | LIP BOR NG (a.k.a. PAUL WU) | Count: | ONE |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. 371 |

**4.   SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

   a.   Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)
        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

   b.   Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

☐   1.  At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☒   2.  At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐   3.  1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐   4.  The statute of conviction requires a minimum term of supervised release of ▓▓ years.

   c.   Conditions of Supervised Release (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5.   RESTITUTION (U.S.S.G. § 5E1.1)**

☐   1.  The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

☐   2.  The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $_____.

| Defendant: | LIP BOR NG (a.k.a. PAUL WU) | Count: | ONE |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C.  371 |

☐  3.  The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶.  (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐  4.  The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶.  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☒  5.  Restitution is not applicable.


**6.  FINE  (U.S.S.G. § 5E1.2)**

a.  <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine."  (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule.  (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b.  <u>Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))</u>

| <u>Minimum Fine</u> | <u>Maximum Fine</u> |
|---|---|
| $2,000 | $20,000 |

| Defendant: | LIP BOR NG (a.k.a. PAUL WU) | Count: | ONE |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C.  371 |

## 7.  SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.   The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $**100**        .

## 8.  FORFEITURE (U.S.S.G. § 5E1.4)

☐ Assets of the defendant will be forfeited.

☒ Assets of the defendant will not be forfeited.

## 9.  ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

## 10.  UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

E-4

(Rev. April 2014)